SUSAN M. HACK, ESQ. (Bar No. 145347)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
MENU FOODS, INC., a New Jersey corporation

FILED
APR 18 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 0705 JAH CAB

| | |
|---|---|
| ROBERT PAYNE and STEVE BARTILUCCI,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey corporation, PETCO ANIMAL SUPPLIES, INC.; a Delaware corporation, SAFEWAY, INC., a Delaware corporation, THE PROCTOR & GAMBLE COMPANY, a Ohio corporation, and DOES 1 through 50,<br><br>Defendants. | CASE NO.<br><br>**LODGMENT OF STATE COURT FILE** |

Defendant MENU FOODS, INC. hereby lodges with the Court a copy of the State Court File in this matter, Superior Court of California, County of San Diego, Case No. 37-2007-00064159-CU-PL-CTI.

DATED: 18 APR 07                    HIGGS, FLETCHER & MACK LLP

By: _____
SUSAN M. HACK, ESQ.
Attorneys for Defendant
MENU FOODS, INC., a New Jersey corporation

HIGGS, FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801914.1                                                              LODGMENT OF STATE COURT FILE

Eric J. Benink, Esq., SBN 187434
KRAUSE KALFAYAN BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA 92101
Tel:  (619) 232-0331
Fax:  (619) 232-4019

David S. Casey, Jr. Esq., SBN 60768
Thomas D. Penfield, Esq., SBN 62380
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP
110 Laurel Street
San Diego, CA 92101
Tel:  (619) 238-1811
Fax:  (619) 544-9232

Attorneys for Plaintiffs

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2007 MAR 28  P 12: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT PAYNE and STEVE BARTILUCCI, ) <br><br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MENU FOODS, INC., a New Jersey ) corporation, PETCO ANIMAL SUPPLIES, ) INC., a Delaware corporation, SAFEWAY, ) INC., a Delaware corporation, THE PROCTER ) & GAMBLE COMPANY, an Ohio corporation, ) and DOES 1 through 50, ) <br> ) <br> Defendants. ) | Case No. 37-2007-00064159-CU-PL-CTL <br><br> CLASS ACTION COMPLAINT FOR DAMAGES <br><br> [JURY TRIAL DEMANDED] |

Plaintiffs Robert Payne and Steve Bartilucci ("Plaintiffs"), by and through their attorneys, allege upon personal knowledge as to themselves and their acts stated herein, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by his attorneys, as follows:

Complaint for Damages                    1

## I.
## NATURE OF ACTION

1. Plaintiffs bring this action on behalf of a class of pet owners residing in California whose pets ingested contaminated pet food manufactured by defendant Menu Foods, Inc. ("Menu Foods"). Plaintiffs fed their pets Priority-branded and Iams-branded food sold by Safeway, Inc. ("Safeway") and Petco Animal Supplies, Inc. ("Petco"), respectively, which resulted in serious injuries and death to the pets. Plaintiffs seek damages to compensate them for their losses.

## II.
## JURISDICTION AND VENUE

2. The pet food in question was sold to Plaintiffs in San Diego county. The injuries in question have been sustained in San Diego county. Defendant Petco Animal Supplies, Inc.'s principal executive offices are in San Diego County.

## III.
## PARTIES

3. Plaintiff Robert Payne is a resident of the City of San Diego, California. His pet cat, Nightfall, was severely injured as a result of ingesting tainted Iams-branded cat food manufactured by Menu Foods and sold by Petco.

4. Plaintiff Steve Bartilucci is a resident of Spring Valley, California, County of San Diego. His pet dog, Cuja, was killed as a result of ingesting tainted Priority-branded dog food manufactured by Menu Foods and sold by Safeway through one of its Vons supermarkets located in the County of San Diego.

5. Defendant, Menu Foods, Inc. is New Jersey corporation that owns and/or operates manufacturing plants located throughout the United States, including Emporia, Kansas.

6. Defendant Petco Animal Supplies, Inc. is a Delaware corporation with its principal executive offices located in San Diego, California. It sold the pet food in question through its retail stores and through its web site.

7. Defendant Safeway, Inc. is a Delaware corporation with its principal executive offices located in Pleasanton, California. It marketed, sold, and distributed the pet food in question under

its "Priority" brand and through supermarkets that it owns, including Vons.

8. Defendant The Procter & Gamble Company is an Ohio corporation with its principal executive offices located in Cincinnati, Ohio. It marketed, sold, and distributed the pet food in question through its "Iams" brand.

9. Plaintiffs are unaware of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon alleges, that each of said fictitiously-named defendants is in some manner responsible for the acts, omissions, injuries and/or damages alleged herein. Plaintiffs will amend this complaint to allege the true names and capacities of said fictitiously-named defendants when the same have been ascertained.

## IV.
## SUBSTANTIVE ALLEGATIONS

10. Plaintiff Robert Payne is the owner of Nightfall, a cat that he adopted approximately 6 years ago. Nightfall regularly ate Iams Select Bites Adult – Tuna in Sauce. Payne purchased some of this food from a Petco retail store and from Petco's website. In mid-March 2007, Nightfall suddenly became lethargic and would not eat. Payne's wife brought Nightfall to a veterinarian on or about March 19, 2007. He was diagnosed as having renal failure. Payne spent approximately $1900 on treatments and diagnoses. Nightfall continues to struggle, and as of this date, his condition has not improved.

11. Plaintiff Steve Bartilucci was the owner of Cuja, a terrier that he owned for many years. On or about March 14, 2007, Bartilucci fed Cuja Priority Beef and Liver Cuts and Gravy. Bartilucci purchased the food from a Vons store, which is owned by defendant Safeway. The next day, Bartilucci found Cuja hiding in some bushes. She was lethargic and would not eat. On March 15, 2006, Bartilucci brought her to a pet emergency center and paid for an examination. Unable to pay for extensive tests recommended by the veterinarian, Bartilucci brought her home hoping that she would recover. Although he nursed her in the ensuing days, she died on March 21, 2007.

12. The pet food consumed by Nightfall and Cuja was manufactured by defendant Menu Foods and was contaminated with toxic substances that caused Nightfall to become sick and Cuja

1  to perish. Upon information and belief, the toxins entered the food supply at defendant's facility in
2  Emporia, Kansas and a second facility in the U.S.

3      13. Menu Foods' facilities manufacture dog food sold under 53 different brands and cat
4  food sold under 42 different brands. Attached hereto as Exhibit A is a list of the brands of cat and
5  dog food. Upon information and belief, the pet food sold under these brands was contaminated in
6  the manufacturing process during the time period December 3, 2006 through March 6, 2007.

7      14. Defendants distributed the pet food with the representation and/or warranty, express or
8  implied, that the tainted food was reasonably safe, was fit for its intended purposes, and was defect-
9  free. Defendants either knew or should have known of a serious defect in the manufacturing process
10 of the pet food at issue, but still distributed, marketed and sold the pet food.

## V.
## CLASS ALLEGATIONS

15. Plaintiffs bring this suit as a class action under Section 382 of the Code of Civil Procedure on behalf of the following class and subclasses:

Class

All pet owners residing in California whose cat or dog consumed pet food manufactured by Menu Foods that was contaminated, and incurred expenses in connection with the contamination, or whose cat or dog died as a result of the contamination.

Subclass A

All class members who purchased the pet food in question from defendant Petco.

Subclass B

All class members who purchased the pet food in question from Safeway-owned stores, including, but not limited to Vons supermarkets.

Subclass C

All class members who purchased the pet food in question under the brand "Iams."

Subclass D

All class members who purchased the pet food in question under the brand "Priority."

16. Excluded from the class are the defendants herein, any person, firm, trust, corporation, officer, director or other individual or entity in which the defendants have a controlling

Complaint for Damages            4

interest and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.

17. There are thousands of pet owners who meet the class and subclass definitions and joinder of all such pet owners would be impracticable. On information and belief, the amount in controversy does not exceed $5,000,000. Plaintiffs' claims are typical of the claims of the members of the Class.

18. Plaintiffs will fairly and adequately protect the interests of the members of the Class and Plaintiffs have no interest which is contrary to or in conflict with those of the Class members they seek to represent. Plaintiffs have retained competent counsel experienced in class action litigation to further ensure such protection and they intend to prosecute this action vigorously.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the future harm suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

20. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.

## VI.
## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against Defendant Menu Foods, Inc. and DOE defendants)**

21. Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

22. Defendants, and each of them, owed to Plaintiffs a duty of due care.

23. Defendants, and each of them, negligently and carelessly manufactured, tested, maintained, package, delivered, assembled, inspected, recommended, and/or sold said pet food so as to cause it to be in a dangerous, defective, and deleterious condition and unsafe for the use and purpose for which it was intended when used as recommended. Said condition of the pet food was

known to defendants or should have been discovered by them through the exercise of reasonable care and reasonable diligence, but was not disclosed or made known to Plaintiffs.

24. As a direct and legal result of the aforesaid negligence and carelessness of the defendants, Plaintiffs were damaged.

## VII.
## SECOND CAUSE OF ACTION
## STRICT LIABILITY
## (Against all Defendants)

25. Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

26. Defendants, and each of them, placed into the stream of commerce in the United States the pet food more fully described above while it was in a dangerous and defective condition.

27. Defendants had knowledge that the pet food would be used without inspection for defect.

28. As a direct and legal result of the dangerous and defective condition of said pet food, Plaintiffs suffered damages.

29. Defendants, and each of them, are strictly liable to Plaintiffs.

## VIII.
## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
## FIT FOR PARTICULAR PURPOSE
## (Against all Defendants)

30. Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

31. Defendants, and each of them, were engaged in the design, manufacture, testing, producing, delivering, advertising, selling, assembling, packaging, labeling, and recommending to the general public, the pet food in question, with all knowledge that said products were to be used by the general public. Defendants, and each of them, represented and warranted said products were fit for the purposes intended.

32. Defendants, and each of them, had reason to know that the Plaintiffs were purchasing the pet food to feed to their pets and that the Plaintiffs were relying on them to furnish pet food suitable for that purpose.

33. Plaintiffs relied upon said representations and warranties in purchasing the pet food and had no knowledge of the unsafe quality of said products.

34. The pet food was not fit for the purpose for which it was intended in that it was so defectively manufactured, tested, labeled, packaged, produced, delivered, maintained, assembled and sold, that when used by Plaintiffs in the usual and normal manner, it caused serious and permanent injuries as more fully set forth above.

## IX.
## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
## MERCHANTABILITY
## (Against all Defendants)

35. Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

36. Defendants, and each of them, are pet food merchants and warranted and represented that said pet food was of merchantable quality.

37. Said pet food was not of merchantable quality in that when used in a normal manner by Plaintiffs, it caused serious and permanent injuries as more fully set forth above.

## X.
## FIFTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
## (Against all Defendants)

38. Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

39. Defendants, and each of them, expressly and by advertising, warranted and represented to the general public and to Plaintiffs that the pet food was reasonably fit for the purposes for which it was intended.

40. Plaintiffs relied on said warranties and representations.

41. The pet food was not fit for the purpose for which it was intended in that, when used in a normal and usual manner, it caused serious and permanent injuries as more fully set forth above.

## PRAYER

WHEREFORE, Plaintiffs request of this Court the following relief:

A. A determination that this action may be properly maintained as a class action; that Plaintiffs Payne and Bartilucci are adequate class representatives; that Payne is an adequate class representative of subclasses A and C; that Bartilucci is an adequate class representative of subclasses B and D; and that Krause Kalfayan Benink & Slavens, LLP and Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP are appropriate class counsel;

B. Damages in an amount to be determined at trial;

C. The costs and disbursements incurred by Plaintiffs in connection with this action, including reasonable attorneys' fees as permitted by law; and

D. Such other and further relief as the Court deems just and proper.

Dated: March 28, 2007

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

_____
Eric J. Benink, Esq.
Attorney for Plaintiff

## **DOG FOOD BRANDS**

1. Americas Choice, Preferred Pets
2. Authority
3. Award
4. Best Choice
5. Big Bet
6. Big Red
7. Bloom
8. Cadillac
9. Companion
10. Demoulas Market Basket
11. Eukanuba
12. Food Lion
13. Giant Companion
14. Great Choice
15. Hannaford
16. Hill Country Fare
17. Hy-Vee
18. Iams
19. Laura Lynn
20. Loving Meals
21. Meijers Main Choice
22. Mighty Dog Pouch
23. Mixables
24. Nutriplan
25. Nutro Max
26. Nutro Natural Choice
27. Nutro Ultra
28. Nutro
29. Ol'Roy Canada
30. Ol'Roy US
31. Paws
32. Pet Essentials
33. Pet Pride – Good n Meaty
34. Presidents Choice
35. Price Chopper
36. Priority Canada
37. Priority US
38. Publix
39. Roche Brothers
40. Save-A-Lot Choice Morsels
41. Schnucks
42. Shep Dog
43. Springsfield Prize
44. Sprout

45. Stater Brothers
46. Stop & Shop Companion
47. Tops Companion
48. Wegmans Bruiser
49. Weis Total Pet
50. Western Family US
51. White Rose
52. Winn Dixie
53. Your Pet

## CAT FOOD BRANDS

1. Americas Choice, Preferred Pets
2. Authority
3. Best Choice
4. Companion
5. Compliments
6. Demoulas Market Basket
7. Eukanuba
8. Fine Feline Cat
9. Food Lion
10. Foodtown
11. Giant Companion
12. Hannaford
13. Hill Country Fare
14. Hy-Vee
15. Iams
16. Laura Lynn
17. Li'l Red
18. Loving Meals
19. Meijer's Main Choice
20. Nutriplan
21. Nutro Max Gourmet Classics
22. Nutro Natural Choice
23. Paws
24. Pet Pride
25. Presidents Choice
26. Price Chopper
27. Priority US
28. Save-A-Lot Special Blend
29. Schnucks
30. Science Diet Feline Savory Cut Cans
31. Sophistacat
32. Special Kitty Canada
33. Special Kitty US
34. Springfield Prize
35. Sprout
36. Stop & Shop Companion
37. Tops Companion
38. Wegmans
39. Weis Total Pet
40. Western Family US
41. White Rose
42. Winn Dixie

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MENU FOODS, INC., a New Jersey corporation, PETCO ANIMAL SUPPLIES, INC., a Delaware corporation, SAFEWAY, INC., a Delaware corporation, THE PROCTER & GAMBLE COMPANY, an Ohio corporation, and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT PAYNE and STEVE BARTILUCCI

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
2007 MAR 28 P 12:28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Superior Court
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2007-00064159-CU-PL-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric J. Benink, Esq.
KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP, 625 Broadway, Suite 635, San Diego, CA 92101
(619) 232-0331

DATE: MAR 28 2007      Clerk, by _M. McKinley_, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric J. Benink, Esq., SBN 187434<br>KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 232-0331   FAX NO.: (619) 232-4019<br>ATTORNEY FOR (Name): Plaintiffs | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2007 MAR 28  P 12: 26<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
PAYNE, et al. v. MENU FOODS, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2007-00064159-CU-PL-CTL<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [✓] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (*not specified above*) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (*not specified above*) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (*specify*):
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: March 28, 2007

Eric J. Benink, Esq.
(TYPE OR PRINT NAME)                                                                    ▶ /s/ E. J. Benink
                                                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6151 | |

| PLAINTIFF(S) / PETITIONER(S): Robert Payne |
|---|
| DEFENDANT(S) / RESPONDENT(S): Menu Foods Inc |
| PAYNE VS. MENU FOODS INC |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00064159-CU-PL-CTL |
|---|---|

Judge: Kevin A. Enright                                            Department: C-72

COMPLAINT/PETITION FILED: 03/28/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING